2002 SD 143

**The PEOPLE of the State of South Dakota, In the Interest of B.C., C.C., and J.C., Minor Children, and Concerning M.C., J.B.C. and M.A.**

#### No. 22226.

Supreme Court of South Dakota.

Considered on Briefs Oct. 17, 2002.

Decided Nov. 26, 2002.

Mark W. Barnett, Attorney General, Ann M. Holzhauser, Assistant Attorney General, Pierre, South Dakota, Attorneys for appellee State of South Dakota.

Donna L. Bucher of Tinan, Smith & Bucher, Mitchell, South Dakota, Attorneys for appellant J.B.C.

PER CURIAM.

[¶ 1.] Following a hearing adjudging her three minor children, B.C., C.C. and J.C. abused and neglected and prior to the dispositional hearing, J.B.C. (Mother), petitioned for a voluntary termination of her parental rights. Mother now appeals contending the trial court inappropriately granted the petition.

### FACTS AND PROCEDURE

[¶ 2.] These three children were taken into protective custody on October 19, 2000. An adjudicatory hearing was held on December 12, 2000, at which time Mother admitted that the children were abused and neglected in that, through her omissions, they were not receiving proper care and were left unsupervised as alleged in the petition. The dispositional hearing was initially scheduled for January 30, 2001, but it was continued. The hearing was held on May 25, 2001 but not completed until November 9, 2001. Sometime during this time Mother made a decision to voluntarily terminate parental rights.[1]

[¶ 3.] On November 7, 2001, two days prior to the hearing in this matter, Mother met with a social worker for counseling relating to her decision to terminate parental rights. As required by SDCL 25–5A–23, that counseling included: verifying that the decision was not the result of undue influence or the influence of any

---

1. The fathers of the children also consented to termination of parental rights.

substance; discussing alternatives and resources available; informing Mother of the permanency of the decision; addressing the emotional issues involved; relaying to Mother her right to legal counsel; and assessing Mother's ability to understand the consequences of this decision. In addition, the social worker prepared a written report as required by SDCL 25–5A–24.

[¶ 4.] On the next day, November 8, 2001, mother completed a "Waiver of Notice and Consent to Termination of Parental Rights and Power of Attorney to Consent to Termination of Parental Rights." That document recites that mother believes it to be in the best interests of the children to transfer all her parental rights to the Department of Social Services (DSS). In addition, the document indicates: "I further state that I have received counseling as required by SDCL 25–5A–24 and have further had adequate opportunity to and have in fact consulted with legal counsel of my selection concerning my rights and obligations in this matter and am satisfied with the same."

[¶ 5.] The trial court proceeded with the petition for termination of parental rights at the November 9, 2001, hearing. After being informed by examination of Mother under oath, the trial court entered an order approving the termination of parental rights finding it to be in the best interests of the children. Mother now appeals contending that the termination is defective because the counseling she received did not comport with the requirements of SDCL ch 25–5A.

### ISSUE

[¶ 6.] **Whether the failure to comply with the fifteen-day counseling requirement set forth in SDCL 25–5A–23 rendered Mother's consent to terminate parental rights void.**

[¶ 7.] "Terminations of parental rights are strictly governed by statute in South Dakota." *In re H.O.*, 2001 SD 114, ¶ 8, 633 NW2d 603, 605. SDCL ch 25–5A governs the voluntary termination of parental relations. "The mandates of SDCL ch 25–5A, the voluntary termination of parental rights provisions, are to be met with strict compliance." *Matter of T.M.B.*, 416 N.W.2d 260, 262 (S.D.1987). Due to alleged violations of SDCL 25–5A–23, Mother claims that the termination order is void.

[¶ 8.] Though this Court has not previously addressed the counseling requirements contained in SDCL ch 25–5A, the legislature has clearly and unequivocally set forth a framework that provides for counseling to those seeking to voluntarily terminate parental rights. In this regard, SDCL 25–5A–22 requires that "[a]ny birthparent who plans to petition the court for the voluntary termination of parental rights shall obtain counseling regarding the termination" from a qualified social worker. SDCL 25–5A–22. Additionally:

> Any person providing counseling pursuant to § 25–5A–22 shall make every reasonable effort to meet with the birthparents *at least fifteen days before* termination of parental rights for the purpose of counseling the birthparents.

SDCL 25–5A–23 (emphasis added).

[¶ 9.] Though not disputing that the statutorily required counseling occurred, Mother disputes the timing of the counseling. Mother claims that because counseling occurred a mere two days prior to the order terminating her parental rights, that order is invalid and should be set aside. The record reveals that the trial court did not inquire during its examination as to when the counseling occurred, though it did have before it a copy of the counseling report required by SDCL 25–5A–24 dated November 7, 2001. Likewise, the trial

court did not enter any findings concerning the reasonableness of any efforts made by DSS to provide counseling fifteen days prior to the hearing. However, the trial court did inquire of Mother as to whether she received such counseling, had the opportunity to consult with counsel, understood that this was a permanent action and whether she agreed this termination of rights was in the best interests of the children. She answered affirmatively to all these inquiries. Mother also indicated that she had no questions and did not need more time to speak with her attorney.

[¶ 10.] The legislature has clearly required that parents taking the drastic step of petitioning for the termination of their parental rights be provided with counseling so that they may fully appreciate the ramifications of that decision. SDCL 25–5A–22. The statutory requirement that the counselor "make every reasonable effort to meet with the birthparents at least fifteen days before termination" demonstrates an intent to provide both counseling and an opportunity for reflection by the birthparents. SDCL 25–5A–23.

[¶ 11.] Nevertheless, the legislature has also clearly dictated that:

> Failure to comply with §§ 25–5A–22 to 25–5A–24, inclusive, *may not be considered a basis for setting aside a voluntary termination of parental rights* or an adoption.

SDCL 25–5A–25 (emphasis added). Therefore, Mother's argument must fail as a matter of law. The legislature has clearly spoken to this issue and the failure to comply with this fifteen-day requirement is not grounds to set aside the voluntary termination of Mother's parental rights.

[¶ 12.] With this in mind, a trial court, when faced with this situation, should liberally grant a continuance so that a birthparent may be provided the time to reflect on a decision of this magnitude. Clearly, the ability of a birthparent to be provided with the time to contemplate such a decision following counseling designed to provoke reflection and thought is contained in the legislative framework. While recognizing that no request for a continuance was made to the trial court in this instance, both the trial courts and DSS should be cognizant of this fifteen-day provision and make every opportunity to ensure compliance therewith.[2]

[¶ 13.] Affirmed.

[¶ 14.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP and ZINTER, Justices, and AMUNDSON, Retired Justice, participating.

[¶ 15.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

2. As a result, there is no issue as to abuse of discretion in failing to grant a continuance.